# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBIN CURRAN,**

        **Plaintiff,**

-vs-                                                            **Case No. 6:09-cv-463-Orl-28DAB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, a foreign**
**corporation,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration of Defendant's Notice of Removal and Defendant's Response to the Court's Order to Show Cause dated March 20, 2009.[1] Because State Farm's Notice of Removal demonstrated on its face that the state court proceeding on the uninsured motorist claims had not reached final judgment (thus, removal of the bad faith claim arising out of the excess verdict in the uninsured motorist claim was premature or too late[2]), State Farm was ordered to show cause why the case should not be remanded to state court for premature removal and for lack of jurisdiction. Doc. No. 6. In its response, State Farm contends in its Response that its removal of the case was proper even though it concedes that the cause of action has not accrued. Doc. No. 10 at 1-2. The

---

[1] Plaintiff has now filed a motion for remand (Doc. No. 15), arguing that removal was untimely.

[2] As the Court explained in the Order to Show Cause, Judge Antoon's ruling in *Jenkins v. Allstate Ins. Co.*, __ F. Supp. 2d __, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008) is directly on point and is presumably controlling here unless Judge Antoon elects to reconsider his position on the legal question, particularly in light of the fact that State Farm could have elected to remove the case when it was initially filed in September 2007 but chose instead to litigate through a jury verdict. No compelling reason is evident for giving the trial loser a second opportunity for removal.

Court disagrees and respectfully **RECOMMENDS** that the case be **REMANDED** to state court for lack of jurisdiction.

### *Background Facts*

The Notice of Removal filed by Defendant State Farm Mutual Automobile Insurance Company on March 12, 2009 (Doc. No. 1) indicated that suit was commenced in state court, the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, on September 10, 2007. Doc. No. 1 ¶ 4. Following a jury trial on Count I of Plaintiff's claims, the jury returned a verdict against State Farm on Plaintiff's uninsured motorist coverage arising from a car accident with an uninsured motorist. Doc. No. 1 ¶ 4. However, the jury verdict in excess of the policy limits has not been made final, and State Farm intends to appeal the verdict. Doc. No. 1 ¶ 4. Plaintiff was granted leave in state court to file a Second Amended Complaint adding a count for statutory bad faith for State Farm's failure to settle the Plaintiff's initial claim in good faith. Doc. No. 1 ¶ 5.

### *Legal Issues and Analysis Concerning Removal*

In support of removal, State Farm cited a Middle District of Florida case, *Lahey v. State Farm Mutual Automobile Insurance Company*, Case No. 8:06-cv-1949-T-27TMB, 2007 WL 2029334 (M.D. Fla. 2007), which allowed removal of a bad faith claim against State Farm well after the one year limit on removal based on diversity jurisdiction, as stated in 28 U.S.C. § 1446(b). However, State Farm failed to cite or discuss the more recent opinion directly on point by the presiding District Judge in this case, Judge Antoon, that remanded a bad faith insurance case where the bad faith claim, although asserted by amended complaint, had not yet accrued because the final judgment had not been entered and the state court had abated the bad faith action.

As Judge Antoon pointed out in *Jenkins v. Allstate Ins. Co.*, __ F. Supp. 2d __, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008), where the state court judge has not yet entered a final judgment, the removal of the bad faith claim is premature and remand is required. *Id.* at *2-3.

> Resolution of whether Defendant has a right to remove the bad faith claims and whether the removal was premature requires an examination of the nature of a bad faith claim under Florida law and the interplay between the underlying UM [uninsured motorist] claim and the bad faith claim.
>
> Not surprisingly there is no Eleventh Circuit law addressing the issue of whether a party may remove a bad faith claim which has been added to an underlying suit for UM benefits. However, several judges in this district and a judge in the Southern District of Florida have addressed removal of a bad faith claim where, as here, the bad faith claim was included in an amended pleading filed in the underlying claim by the insured under the insured's UM policy.
>
> In *Lahey*³ *v. State Farm Mut. Ins. Co.*, 2007 WL 2029334 (M.D. Fla. 2007), Judge Whittemore concluded that the plaintiffs' bad faith claim was a separate and distinct cause of action from the underlying UM claim. Because the bad faith claim was considered to be an independent and separate claim Judge Whittemore held that the defendant was entitled to remove the bad faith cause of action within 30 days of when it was added as a claim in the underlying case and that the Defendant was not precluded from filing it because the case was removed more than one year after the original UM claim was filed. Judge Lazzara in *Parks v. State Farm Mutual Automobile Ins. Co.*, [8:06-Cv-811-T-26MSS (M.D. Fla. June 20, 2006) reached a similar result as Judge Whittemore in concluding that the one year period for removal provided for in 28 U.S.C. § 1446(b) was triggered when the bad faith claim was added to the case and not when the original UM claim was filed. Judge Hurley in the Southern District of Florida in *McCreery v. State Farm Mutual Insurance Co.*, [Case No. 07-80489-Civ-Hurley/Hopkins (S.D. Fla. Sept. 4, 2007)], however, reached the opposite result and concluded that the bad faith claim was not a new action, but merely a new claim in the same action that had been pending and, therefore, the one year period to remove the action began when the original UM claim was filed and not when the bad faith claim was added.
>
> While the Court agrees with the views of Judges Whittemore and Lazzara that a bad faith claim is separate and independent from the underlying UM claim, and is therefore removable, there is one critical distinction between this case and *Lahey* and *Parks*. In

---

³In the Order to Show Cause, the Court referred to State Farm's "misciting" of *Lahey* in footnote one, where the actual citation in Westlaw was incorrect. *See* Doc. No. 10 ¶ 6.

the instant case–unlike the posture of *Lahey* and *Parks*–the state court judge has not yet entered a final judgment. This distinction is important because under Florida law a bad faith claim does not accrue until the conclusion of the underlying contract claim. *[Blanchard v. State Farm Mutual Automobile Ins. Co.*, 575 So.2d 1289, 1291 (Fla.1991)]* "[A]bsent a determination of the existence of liability on the part of the UM tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle." [*Id.*] This means that until a final judgment is entered the bad faith claim does not exist and, therefore, there is nothing to remove even though a bad faith claim may be considered a separate and independent claim that is subject to removal separate from the underlying UM claim. However, once a final judgment has been entered by the state judge then both liability and damages will have been established both of which are necessary to prosecute a claim against an insurer for bad faith. [*See, e.g. Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1276 (Fla.2000) (dismissing as premature a bad faith claim which had been brought before liability and damages had been awarded to first-party insured).] Until such time as the state court judge has entered a final judgment the damages will be uncertain and thus the bad faith claim cannot be prosecuted even in the state court action. The state court judge apparently recognized this proposition as evidenced by the fact that he abated the bad faith claims "pending resolution of all appeals of the final judgment, if any."

Accordingly, because the Court concludes that Plaintiff's bad faith cause of action has not yet accrued–and there is no ripe claim for this Court to adjudicate–Allstate's removal of the bad faith cause of action was premature and, therefore, Plaintiff's Motion to Remand is due to be granted.
\* \* \*

Defendant is not without recourse, however. Assuming a final judgment is entered by the state court judge, which establishes an excess verdict in an amount more than $75,000 the Defendant would then be entitled to remove the bad faith claim–which would be the only claim pending in the state court action. And consistent with *Lahey* and *Parks* the one year period to file the notice of removal would not run from the date the original UM action was filed but rather from the date the claim accrued. The thirty day period as well would run from the date the judgment was entered, which would be the pleading, motion or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The thirty day period necessarily must run from that date because until the final judgment is entered and the amount of the judgment has been established the amount in controversy would be speculative. This is particularly so in this case because part of the excess verdict will most likely include a disputed amount for attorney's fees and costs. Until these fees and costs have been awarded and included in a judgment, the amount of the potential excess judgment (if any), and in turn the amount in controversy, would be open to interpretation.

*Jenkins,* 2008 WL 4934030 at \*2-3 & n.9 (citations in footnotes included in text).

In the Order to Show Cause, the Court had to determine whether a final judgment existed in order to confirm that a sufficient amount in controversy was stated. State Farm represented in the Notice of Removal that "no final judgment has been entered and the time for State Farm to file a notice of appeal as to the final judgment has not passed," and "State Farm intends to appeal the ultimate final judgment" on the uninsured motorist claim (Doc. No. 1 ¶ 4); therefore, State Farm's removal of the case was premature.

In its Response to the Order to Show Cause (Doc. No. 10) State Farm mistakenly states that this Court, to whom the case is only referred, "determined that the decision of *Jenkins* . . . controls and that removal cannot be based upon *Lahey*," (Doc. No. 10 at 1). That is incorrect. This Court did not make any such determination – the matter is left to the discretion of the presiding District Judge, as pointed out in footnote 1 of the Order to Show Cause: "Judge Antoon's ruling in *Jenkins v. Allstate Ins. Co.*, __ F. Supp. 2d __, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008) is directly on point and is *presumably* controlling here *unless* Judge Antoon *elects to reconsider his position* on the legal question, particularly in light of the fact that State Farm could have removed the case when it was initially filed." Doc. No. 6 n.1 (emphasis added).

State Farm "does agree with this Honorable Court that the cause of action asserted by Plaintiff in Count II has not accrued." Doc. No. 10 at 2. Moreover, "State Farm agrees with the decision of *Jenkins* that the thirty days to remove under 28 U.S.C. § 1446(b) should not begin running on a non-accrued claim." Doc. No. 10 at 3. "State Farm agrees that the bad faith claim is premature." Doc. No. 10 at 6-7. State Farm does not seriously dispute that the case should be remanded consistent with the holding in *Jenkins.*

The remainder of State Farm's Response to the Order to Show Cause is devoted to an explanation of why State Farm removed the case in spite of the fact the claim for bad faith had not accrued. State Farm's explanation of why it removed the case in spite of the fact the claim for bad faith had not accrued does not preclude removal; rather, the explanation really goes to why it should not be sanctioned for improper removal, and this issue has not been raised by Plaintiff. Doc. No. 10.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 10, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy